For petitioner: Woolley & Blais.

Rachael Rosenfeld  
vs.                     } Eq. No. 7887.  
Kopel Mayberg, et al.

February 3, 1928.

TANNER, P. J. This is a bill of complaint in which the complainant seeks to set aside a mortgagee's sale of real estate upon the ground that the mortgagee, who advertised the sale, transferred his right during the running of the advertisement and before the sale.

The respondent has filed a plea setting up that there is now pending in the Supreme Court a cause of action between these same parties or their privies, wherein are raised the same issues as set forth by complainant in her bill of complaint filed in this action; that said cause of action before referred to was instituted by the complainant herein against Samuel Karten, privity of your respondent, Kopel Mayberg, and after trial resulted in a verdict for this respondent; that thereafter Rachael Rosenfeld, the complainant, filed exceptions; that said cause of action is now pending awaiting hearing in the Supreme Court; that the issues raised by the complainant's bill of complaint are res adjudicata, and the complainant having elected to proceed at law, it is inequitable to permit said complainant to duplicate her alleged cause of action.

The papers in the action at law referred to in the said plea have been put in evidence upon a hearing of said plea, and it appears that said action at law was brought by the mortgagor against the mortgagee.

It is well settled that a mortgagor cannot maintain ejectment against his mortgagee. While the mortgagor has the legal title as against everybody else, he has not the legal title as against the mortgagee and cannot maintain an action of ejectment against him. This being so, it seems to us that the action at law was an action of ejectment and has no standing, and might well have

been non-suited at the trial before a jury, and can in no event have any validity as being res adjudicata upon the matters set up in the declaration in said action at law.

We therefore hold that the plea of res adjudicata is without merit.

For complainant: Daniel A. Colton.

For respondents: Robinson & Robinson, Fred B. Perkins, Murdock & Tillinghast.